**Joe Neil KINGTON, Appellant,**

v.

**ZEIGLER COAL COMPANY, Special Fund, Coal Miners' Pneumoconiosis Fund and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 17, 1982.

As Modified Oct. 8, 1982.

Dick Adams, Madisonville, for appellant.

Larry L. Johnson, William P. Swain, Cyril E. Shadowen, Dept. of Labor, Louisville, for appellees.

Before GANT, HOGGE and HOWARD, JJ.

GANT, Judge.

Appellant filed a proper claim herein for disability benefits under Workers' Compensation for the occupational disease of coal miners' pneumoconiosis. The denial of his claim by the Board was affirmed by the Hopkins Circuit Court. We affirm the lower court and adopt its opinion as our own, to-wit:

"By its Order dated November 24, 1980, amended on January 5, 1981, the Workers' Compensation Board dismissed the claim of the Petitioner, Joe Neil Kington, in which he sought total, permanent disability benefits by reason of his allegation that he suffered from the occupational disease of coal workers' pneumoconiosis. The amended order contained the following statement:

'2. We also find that the quality of the medical evidence which has been introduced by the defendant-employer adverse to the claim overcomes any presumption in the claimant's behalf.'

"Thereafter, the Petitioner filed a Petition for Reconsideration and a Petition to Reopen, both of which were overruled by the Board by an Order dated January 12, 1981. The Petitioner appeals to this Court from both of these Orders of the Board.

"The Petitioner insists that there is not substantial evidence in the record sufficient to overcome the statutory presumptions in favor of the Claimant, and accordingly, the dismissal of the Petitioner's claim by the Board ought to be reversed.

"The record reveals that the Board had before it conflicting opinions from four physicians. Dr. Neal Calhoun and Dr. Raymond Snowden, both general practitioners from Hopkinsville, Kentucky, testified in favor of the claimant that he was suffering from coal workers' pneumoconiosis. On the other hand, Dr. Thomas Gallo, a pulmonary specialist with Trover Clinic in Madisonville, Kentucky, and Dr. S. E. Coffman, a board-certified radiologist with Trover Clinic, both testified for the employer to the effect that in their opinion the Claimant was not suffering from pneumoconiosis.

"The Claimant first cites the presumption in KRS 342.004 which states as follows:

'In any proceeding for the enforcement of a claim for compensation under the law for pneumoconiosis or silicosis it is presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the law.'

"While it is true that this presumption favors Mr. Kington initially, it is also true that in this Court's opinion the testimony of

Drs. Gallo and Coffman constitute sufficient 'substantial evidence' to overcome the presumption, as found by the Board. The Court certainly cannot find as a matter of law that the opinions of Drs. Gallo and Coffman are not worthy of belief.

"Secondly, the Claimant relies upon the presumption contained in KRS 342.-316(2)(b)2 which states:

'The Filing of a properly executed application for adjustment of claim, accompanied by the two (2) medical reports described in subparagraph 1. of this paragraph, shall satisfy the requirements of the presumptive clause set out in subsection (5) of this section and the burden of proof shall immediately thereafter shift to the employer and the special fund.'

"The Court agrees with the response set out by the Special Fund in its brief herein to the effect that while this presumption does shift the burden of going forward with the proof, it does not relieve the Claimant from his ultimate burden of persuasion. Had the employer and the Special Fund not introduced evidence to rebut the presumption resulting from the filing of a proper Form 11 supported by the required two (2) medical reports, the Claimant certainly would be entitled to an award. Here, however, the Respondents, in the opinion of the Board, satisfactorily rebutted the presumption by the introduction of the testimony of Drs. Gallo and Coffman.

"The last presumption relied on by the Claimant is stated as follows in KRS 342.-316(5):

'Where the occupational disease is a compensable pneumoconiosis and there has been employment exposure for 10 years or more to an industrial hazard sufficient to cause the disability of pneumoconiosis there shall be a rebuttable presumption that the disability or death was due to the compensable pneumoconiosis.'

"Once again, the Court agrees with the analysis of the Special Fund as set out in its brief to the effect that the Claimant's attorney has misconstrued the effect of this statute. Specifically, this presumption does not arise until after the existence of a compensable pneumoconiosis is proven. Consequently, its effect did not become applicable in Mr. Kington's case, inasmuch as the Board found from the medical evidence of record that Mr. Kington did not suffer from a compensable pneumoconiosis. Even if we assumed for the purpose of argument that this presumption did become applicable in Mr. Kington's case, the Special Fund correctly points out once again that it, too, is only a rebuttable presumption and would have been negated by the testimony of Drs. Gallo and Coffman.

"Finally, the Claimant complains that the Board erred in refusing to reopen his claim based solely upon a decision reached by the Social Security Administration that Mr. Kington was entitled to total and permanent disability on his claim with that agency.

"This Court agrees with the Board that this fact did not constitute a 'change of condition' nor 'newly discovered evidence' which would require the reopening of the claim. The finding of another agency certainly does not amount to a 'change of condition' nor is it really 'newly discovered evidence' since such a finding is irrelevant to the question before the Kentucky Workers' Compensation Board as to whether or not under Kentucky law the Claimant has proven that he suffers from coal workers' pneumoconiosis.

"In view of all of the above, the Orders of the Workers' Compensation Board are affirmed."

The judgment of the circuit court is affirmed.

All concur.